SILAS G. HARPHAM, Appellant, *v.* JAMES HAYNES, Appellee.

### APPEAL FROM MASON.

Where a promissory note is assigned without any consideration therefor, the assignee takes it as a volunteer, subject to all its infirmities, the same as if he had had actual notice of them, or as if the note had been assigned after maturity.

A plea must answer well, all that it professes to answer, otherwise it is bad on demurrer.

A plea that the payee of a note, at the time suit was instituted, wrote his name on the back, and then commenced the suit in the name of the plaintiff, and without his knowledge or consent, is bad. It should state further that the plaintiff had not subsequently sanctioned or approved the use of his name.

THE appellee filed his declaration, in assumpsit against the appellant, in the Mason Circuit court, at the March term, 1862.

The declaration contained one special count, on a note alleged to have been given by the appellant to one George

England, dated October 27, 1860, due twelve months after date, for the sum of $285, and alleged that said note was duly indorsed by the said George England, to the appellee, at the time of its execution, etc.; damages $500. Declaration also contained five common counts, in the usual form.

A copy of the note was filed, with the indorsement in blank; also a copy of the account.

On the 4th of March, 1862, the appellant filed his five several pleas to appellee's declaration.

Plea of the general issue.

Second plea. And for a further plea in this behalf, the said defendant says, *actio non*, as to $125 claimed in plaintiff's declaration, because he says that $125 of the consideration of said note in plaintiff's declaration mentioned, was included in said note, and that amount of the consideration of said note was the agreement of George England, the payee of said note, to extend the time of the payment of said note two years from the date thereof, and that the said George England would not demand payment of said note, nor sue upon the same, for two years from the date thereof, and yet the said plaintiff has brought suit upon, and demanded payment of the same before the expiration of two years from the date of said note, in violation of said agreement. And the said defendant avers that the said note was indorsed to the said plaintiff by the said George England, without any consideration being paid therefor by the said plaintiff, or any one in his behalf; and this the defendant is ready to verify, etc.

Third plea. And the said defendant, for a further plea in this behalf, says, *actio non*, as to all but $160 claimed in the first count of the plaintiff's declaration, because, he says, all but that amount is usurious and void, in this, that on the 20th day of April, 1858, George England, the payee of the note sued on in the first count of the plaintiff's declaration, lent to, and the said defendant borrowed of the said George England, the sum of sixty dollars, and the said defendant executed to said George England his promissory note for that amount, dated on the 20th day of April, 1858, due one month after date thereof, and drawing ten per cent. interest from

date; that on the 1st day of October, 1858, the defendant borrowed of George England, another sum, of $100, for the space of two months, and the said George England, corruptly and against the statute, agreed with the defendant to take and receive from him, at the rate of five per cent. per month for the use and loan of the said one hundred dollars, and then and there the said George England took from the said defendant a note in writing, dated October 1, 1858, due in two months from date, for the sum of $110—the $10 being usury agreed to be taken, included in the face of the note. That on the 27th day of October, 1860, George England compounded and settled up the first two notes with the said defendant, and corruptly and against the statute in such cases made and provided, agreed and contracted to receive and take of the said defendant, for the use and loan of the sixty dollars as aforesaid, from the time it was borrowed as aforesaid, and also for the use and loan and forbearance of the one hundred dollars from the time it was loaned as aforesaid, until over one year after the 27th day of October, 1860, one hundred and twenty-five dollars, which is more than at the rate of ten per cent. per annum for the use of one hundred dollars, and the said defendant agreed to pay the said usurious interest, and then and there, on the said 27th day of October, 1860, the said defendant gave to said George England his promissory note in writing, including the said one hundred and twenty-five dollars of usury on the face of the note, and drew up the said note due twelve months after date, which is the said note set out in the said first count of said plaintiff's declaration. And the said defendant further avers, that the said note in the said first count mentioned, was indorsed to the said plaintiff by the said George England, without any consideration being paid therefor by the said plaintiff, or any one in his behalf, and that the benefit of whatever judgment may be obtained, will go to the said George England; and the said defendant further avers, that the said note was assigned after it became due to the said plaintiff; all of which this defendant is ready to verify, etc.

Fourth plea. And for a further plea in this behalf, the said

defendant to the first count in the said declaration says, *actio non*, because, he says, at the time of the commencement of this suit, there was no legal indorsement of the said note mentioned in the said first count, mentioned by the said George England, the payee of the said note, to the said plaintiff, in this, that the said George England wrote his name on the back thereof, and commenced this suit in the name of the plaintiff, without the knowledge or consent of the said plaintiff. And said defendant avers, that the said plaintiff, nor any one for him, paid any consideration for said note, nor has he any interest whatever in said note, and knew nothing of the bringing of this suit at the time it was brought; and this he is ready to verify.

Fifth plea. And for a further plea in this behalf, the said defendant says, as to the first count in the said plaintiff's declaration mentioned, *actio non*, because he says, at the time of the commencement of this suit, the said plaintiff was not the legal holder of said note, in said first count mentioned, and that the said note was indorsed on the back thereof by the said George England, without the knowledge or consent of the said plaintiff, and that the said plaintiff at the time of the commencement of this suit had no legal or equitable title to said note, and knew nothing of the bringing of this suit, and had no claim on the proceeds thereof when the same should be collected, nor has he yet; all of which the defendant is ready to verify, etc. (This plea was sworn to by the defendant.)

On the 5th day of March, 1862, the appellee demurred to the appellant's second, third, fourth and fifth pleas, which demurrer was sustained by the court. On motion of defendant's attorney, leave was granted to withdraw his plea number one, and file another plea herein. On the 6th day of March, 1862, the defendant filed his plea number six, which plea is the general issue sworn to by defendant.

And afterwards, on the same day, issue being joined, a jury was called, empaneled, and sworn, who, after hearing the evidence gave a verdict for plaintiff below for two hundred

and eighty-five dollars; upon which the court rendered judgment.

And afterwards, on the 11th day of March, being one of the days of the term, the defendant filed his bill of exceptions in this cause, as follows:

Be it remembered, that on this fourth day of the present term of the court, this case came on for a hearing, and a jury was empaneled and sworn, and trial had on the plea of the general issue sworn to by the defendant. The plaintiff then produced the following note, to wit:

$285. Oct. 27, 1860.

Twelve months after date, I promise to pay to the order of George England, the sum of Two Hundred and Eighty-five Dollars, for value received.

SILAS G. HARPHAM.

On the back thereof, in blank, was the following name written across the note, "George England."

The plaintiff then called *J. F. Coppel,* and proved that the name of George England, written on the back of the note, was in the handwriting of George England.

Plaintiff then called *Levi Harpham,* and proved that the signature of the purported maker of the note was the signature of the defendant, in his handwriting.

The plaintiff offered and read the said note in evidence to the jury; to which the defendant at the time objected, on the ground that there was no indorsement to the plaintiff proven.

The plaintiff then offered to write over the name of said George England, on the back of said note, an indorsement to the plaintiff; to which the defendant at the time objected, unless the plaintiff should follow it up by proof that the note had been delivered to the plaintiff, or to some one for him, before the commencement of this suit.

The court then permitted the said plaintiff to write an assignment over the name of the said George England, on the back of said note, to wit, "I assign the within note to James Haynes. George England;" and overruled the objection of the defendant, and required no further proof on the part of the plaintiff; to which ruling of the court the defendant at the time excepted.

The plaintiff then offered to read said note to the jury with-out any further evidence; to which the defendant then and there objected. The court overruled the objection, and per-mitted the note and indorsement, so filled up, to be read to the jury; to which the defendant then and there excepted.

The defendant then called as a witness *Levi Harpham*, by whom he offered to prove before the jury, that the plaintiff, at the time of the commencement of this suit, knew nothing of the note offered in evidence in this case having been assigned to him, and had never given anybody any authority to assign the same to him, and that he (said plaintiff) had no interest in the said note at the time of the commencement of this suit, and that he has no interest now, and that he (the plaintiff) knew nothing of this suit having been commenced at the time it was commenced, and never gave anybody any authority to commence it; all of which the said plaintiff objected to being proved before the jury by said witness; but the court then and there sustained the objection of the said plaintiff, and prohibited the said defendant from proving the same to the jury; to which ruling of the court the defendant then and there on the trial excepted.

The defendant then moved to exclude the said note from the jury, and the court overruled the motion; to which the defendant then and there excepted.

The above was the only evidence in the cause.

The jury gave a verdict against defendant, for $285. The defendant then moved the court for a new trial—

Because the verdict was against the law and the evidence.

Because the court permitted the note to be read in evidence without further proof.

Because the court refused to allow the defendant to offer proper evidence to the jury.

Because the court refused to exclude the evidence of the plaintiff from the jury.

The court then and there overruled the motion for a new trial, and rendered judgment against the defendant for $285; to which ruling, at the time, the defendant then and there excepted.

The following causes are assigned for error:

Because the court below sustained a demurrer to appellant's pleas, numbers 2, 3, 4, and 5.

Because the court below permitted improper testimony, on the part of appellee, to go to the jury as evidence.

Because the court refused to let proper testimony, offered by appellant, go to the jury as evidence.

Because the court below refused to grant a new trial, on motion of defendant below.

Because the court below gave judgment against the appellant, when it should have been against the appellee.

LYMAN TRACY, for Appellant.

CATON, C. J. The question in this case is presented by the demurrer to the special pleas. The first of these we think is good. It shows that as to one hundred and twenty-five dollars of the note sued on, that amount was for usurious interest for the forbearance of the balance of the amount of the note, and that the payee of the note indorsed it to the plaintiff without any consideration paid therefor by himself or any one else. The objection taken to the plea is, that it does not show that the note was not assigned before its maturity, or that the plaintiff is not a *bona fide* holder. The averment that it was assigned without any consideration shows that the plaintiff is a volunteer, and he took the note with all its infirmities, the same as if he had had actual notice of them, or as if it had been assigned after due.

The second special plea avers that all but one hundred and sixty dollars of the note was for usurious interest, and gives a history of the transaction. First, a loan of sixty dollars on the 20th of April, 1858, for which he gave to England his note at one month at 10 per cent. interest; and that on the 1st of October, 1858, the defendant borrowed of England one hundred dollars for two months, for the use of which he agreed to give him five per cent. per month, and accordingly gave him his note at two months for one hundred and ten dollars. That on the 27th of October, 1860, the defendant and England had an accounting and made a new agreement,

whereby it was agreed that for the use of the two sums of money from the time they were respectively borrowed, till *over* one year from the said 27th day of October, 1860, the defendant should allow and pay England the sum of one hundred and twenty-five dollars, and accordingly the defendant gave England the note sued on, which includes the one hundred and twenty-five dollars usurious interest, dated the 27th of October, 1860, and is payable twelve months from date; and avers, that the note was assigned without any consideration and after it became due. According to the defendant's averments in this plea, on the 27th of October, 1860, there was legally due England the full amount of the sixty dollar note, which was not tainted with usury, amounting to seventy-five dollars and eleven cents, and the one hundred dollars loaned on the 1st of October, 1860, throwing out the interest which was forfeited by reason of the usury, making in all the sum of one hundred and seventy-five dollars and eleven cents due England at the time this note for two hundred and eighty-five dollars was given, which would leave one hundred and nine dollars and eighty-nine cents included in this note for the forbearance of the one hundred and seventy-five dollars and eleven cents actually due. As the note was payable in one year, this was undoubtedly usurious interest under our statute. The defendant has attempted to make the interest which had accrued on the sixty dollar note, as well as the other, usurious, by showing that the agreement which was made on the 27th of October, when this note was given, was that the one hundred and twenty-five dollars should be put in this note for the interest on the two sums loaned, from the time they were received by the defendant till *over* one year from the said 27th of October, 1860. Now, this agreement, as stated, shows no usury whatever, for it does not define the period during which the money loaned should be further forborne, for the averment is, that it was to be forborne *over* one year, and for aught that appears it was to be for so long a period as to make the interest at even six per cent. amount to the one hundred and twenty-five dollars, so that that agreement, taken by itself, shows no usury. But it seems that this verbal agreement was changed

or modified when the note was actually given, for that was made payable in one year from that date; so that the party must abandon that parol agreement for the purpose of showing the usury, and rely upon the actual facts as he shows them to have existed. The facts are as before stated, that there was due England one hundred and seventy-five dollars and eleven cents at the time he took the note for two hundred and eighty-five dollars, bearing one hundred and nine dollars and eighty-nine cents as interest. To this extent the note was undoubtedly usurious, as shown by this plea. Now, the plea proposes to answer one hundred and twenty-five dollars of the first count, but it actually answers but one hundred and nine dollars and eighty-nine cents of it. Is the plea bad for that reason? We think it is. A plea must answer well all it professes to answer. The most common and familiar case is, where a plea professes to answer the whole of a declaration or count, and actually answers but a part. In such a case no one would doubt that the plea would be bad. The principle is the same here. In the supposed case the plea claims to answer more than the facts stated in it can answer, and so it is in the principal case. We think the demurrer was properly sustained to the second special plea.

The third special plea may be next considered. It shows that at the time the action was brought, the plaintiff knew nothing of it, and had no interest in the note, and did not authorize the use of his name in bringing the action; and that England had assigned the note to him without any consideration. Now, in form at least, this plea admits the legal title to have been in the plaintiff at the time the action was brought, and it does not show that he had not subsequently sanctioned and approved of the use of his name. If the plea had gone further, and showed that the plaintiff had never sanctioned the bringing of the action in his name, then it would have come within the rule formerly laid down by this court. We are not inclined to extend that rule, and must hold the plea bad.

The fourth and last special plea is substantially the same as the third, for it substantially admits that the note was

indorsed before the action was commenced, and hence the averment that the plaintiff had no legal interest in the note must be understood as inference, for the bare fact of the indorsement of the note to him would vest in him the nominal legal title. It comes under the same principle as the other plea, and must abide the same fate.

As the demurrer was improperly sustained to the first special plea, the judgment must be reversed, and the cause remanded.

*Judgment reversed.*